McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 565-2033
(973) 425-0161
Attorneys for Plaintiff
Metropolitan Life Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELISA GOTTFRIED, JOSEPH GOTTFRIED, CATHERINE GOTTFRIED and CHRISTINE GOTTFRIED,<br><br>Defendants. | Civil Action No.: |

## CIVIL ACTION – COMPLAINT FOR INTERPLEADER

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its counsel, McElroy, Deutsch, Mulvaney & Carpenter LLP, hereby files its Complaint in Interpleader as follows:

PARTIES

1. Interpleader Plaintiff MetLife at all relevant times hereinafter mentioned is an insurance company organized and existing under and by virtue of the laws of the State of New

York, with its principal place of business in New York. It is licensed to do business in the State of New Jersey.

2. Upon information and belief, Defendant Elisa Gottfried ("Elisa") is the former spouse of Joseph Gottfried (the "Decedent") and is a resident of Ocean County, State of New Jersey.

3. Upon information and belief, Defendant Joseph Gottfried Jr. ("Joseph") is the son of the Decedent and is a resident of Ocean County, State of New Jersey.

4. Upon information and belief, Defendant Catherine Gottfried ("Catherine") is the mother of the Decedent and is a resident of Ocean County, State of New Jersey.

5. Upon information and belief, Defendant Christine Gottfried ("Christine") is the sister of the Decedent and is a resident of Middlesex County, State of New Jersey.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) in that one or more of the adverse claimants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## CLAIM FOR INTERPLEADER

8. The Decedent, a former employee of Consolidated Edison Company Of New York, Inc. ("CECNY"), had Basic Life Insurance coverage under CECNY's group life insurance

plan (the "Plan"), an ERISA-regulated benefit plan sponsored by CECNY and funded by a group life insurance policy issued by MetLife.

9.  MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

10. ERISA defines a beneficiary as [a] person designated by a participant, or by the terms of an employee benefit plan, who us or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(8).

11. The Plan states the following regarding designating a beneficiary:

> The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.
>
> You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan.
>
> You may change the Beneficiary at any time by filing a new form with the Employer. You do not need the consent of the Beneficiary to make a change. When the Employer receives a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.
>
> A change of Beneficiary will not apply to any payment made by us prior to the date the form was received by the Employer.
>
> Your choice of a Beneficiary for a personal policy issued under Right to Obtain a Personal Policy of Life Insurance on Your Own Life will be effective for This Plan.

12. The most recent beneficiary designation on file (dated May 6, 2015) names Elisa and Joseph as primary beneficiaries to each receive 50% of the benefits payable under the terms of the Plan.

13. A subsequent beneficiary designation was submitted in 2020 that names as primary beneficiaries Christine to receive 50% of the benefits, Catherine to receive 45% of the

benefits, and Joseph to receive 5% of the benefits payable under the Plan as a consequence of the death of Decedent. However, this submission was not dated and MetLife is unsure of the validity of the submission.

14. On March 2, 2021, Decedent passed away.

15. At the time of his death, the Decedent was enrolled under the Plan for life insurance in the amount of Fifty Thousand Dollar ($50,000.00).

16. Following the death of Decedent, MetLife received an email from Catherine dated March 10, 2021, stating that Decedent changed his beneficiary designation in August or September 2020. She forwarded a letter from MetLife dated October 27, 2020, regarding a change of beneficiaries.

17. By letter dated March 31, 2021, MetLife denied Catherine's claim telling her that the 2020 beneficiary designation was not accepted because it was not signed and that the confirmation statement she provided was from the Life Disability Operations Life Waiver Unit, and as such, did not relate to group life insurance.

18. MetLife received a claim for benefits from Elisa dated March 29, 2021.

19. By letter dated April 19, 2021, MetLife advised Catherine, Christine, Joseph and Elisa that their claims were adverse to each other and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to multiple liabilities. MetLife provided an opportunity for the competing claimants to try to resolve the matter to preserve the Plan Benefits from litigation cost and fees.

20. By letter dated May 11, 2021, Catherine told MetLife that the competing claims could not be resolved and asked MetLife to reconsider the denial of her claim.

21. Therefore, MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and CECNY to multiple liabilities.

22. If the Court determines that the 2020 beneficiary designation was valid and enforceable, the Plan Benefits would be paid 50% to Christine, 45% to Catherine, and 5% to Joseph.

23. If the Court determines that the 2020 beneficiary designation is not valid or enforceable, the Plan Benefits would be paid to 50% to Elisa and 50% based upon the May 6, 2015 beneficiary designation.

24. As a mere stakeholder, MetLife makes no claim to the Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this court determine to whom the Plan Benefits should be paid.

25. MetLife is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever defendant or defendants the Court shall designate.

26. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests the Court:

(i) Restrain and enjoin the defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, CECNY, or the Plan for recovery of the Plan Benefits plus any applicable interest, by reason of the death of the Decedent;

(ii) Require that defendants litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, that this court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable

5

          interest should be paid;

(iii)    Permit MetLife to pay into the Registry of the court the Plan Benefits, plus any applicable interest, and upon such payment dismiss MetLife with prejudice from this action, and discharge MetLife, CECNY, and the Plan from any further liability upon payment into the registry of this court, or as otherwise directed by this court;

(iv)    Award such other and further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Dated: June 30, 2021

                                            McELROY, DEUTSCH, MULVANEY
                                            & CARPENTER, LLP
                                            Attorneys for Plaintiff
                                            Metropolitan Life Insurance Company

                                            By: _____
                                                 Randi F. Knepper